THOMPSON v. THE NEW YORK & HARLEM RAILROAD COMPANY, appellant.

*Fences — duty of railroad company as to — "good and sufficient" fences.*

Plaintiff's cattle, getting through a fence bordering defendant's railroad, on to the track, were killed by the cars. Defendant had covenanted, in the deed of its road-way, at the point of the accident, to "make and maintain good and sufficient fences on both sides" of the strip of land taken. The court refused to charge "that a compliance by defendant with the statute as to fences exonerated it from liability irrespective of the covenant in the deed." *Held*, error.

ACTION to recover the value of seven cattle killed by defendant's trains on its road.

The plaintiff was the owner of a farm, which was crossed by defendant's railroad. The cattle, belonging to plaintiff, were at pasture in a field adjoining defendant's road, got through the fence on to the track, and were killed. The evidence as to whether or not the fence was sufficient was contradictory. The plaintiff introduced in evidence a deed to defendant of that part of its road-way where the accident occurred, and through the fence opposite which the cattle got upon the track. This deed contained a covenant, whereby defendant agreed to "at all times make and forever maintain good and sufficient fences on both sides of the strip or piece of land hereinbefore described; and the said parties of the second part do hereby covenant that they will forever make and maintain sufficient crossing places across said railroad to and from the land of the said parties of the first part on each side of said strip of land so taken for said railroad, pursuant to the acts of the legislature in relation thereto." The judge charged the jury that, in the absence

of any statutory regulation or town meeting provision, touching a division fence, custom defines what such kind of fence shall be; that it was for them to determine from the evidence what was a proper and sufficient fence under the covenant in the deed, and that they might also say what was a suitable division fence.

The court refused defendant's request to charge "that a compliance by defendants with the statute as to fences exonerated them from liability irrespective of the covenant in the deed."

The jury rendered a verdict in favor of the plaintiff for $271.85. Defendant moved on the minutes for a new trial, and the motion was denied. From the judgment, and from the order denying a new trial, defendant appealed.

*Chauncey M. Depew* and *Frank Loomis*, for appellant.

*William R. Baldwin*, for respondent.

BARNARD, P. J. We think the court erred in declining to charge, that a compliance by the defendants with the statute as to fences, exonerated them from liability, irrespective of the covenant in the deed from Cornwall to the defendants. By that covenant the defendants undertook to build "good and sufficient fences" on both sides of the land adjoining the plaintiff, and to make good, sufficient and convenient crossing places, * * * "pursuant to the acts of the legislature in relation thereto."

The undertaking is to make the fences as required by law. If the clause referring to the legislative acts is to be held to apply only to cattle guards, still the instruction asked for was proper. The company agreed to build good and sufficient fences. The law provides what fences a railroad company shall erect; namely, of the height and strength of a division fence as required by law.

In the absence of an agreement calling for a particular fence, the performance of the statute is the performance of the covenant, and the jury should have been so instructed.

The judgment should be reversed and a new trial granted, costs to abide event.

*Judgment reversed and new trial granted.*